IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DARYL TOLON,                              )
                                          )
        Petitioner,                       )
                                          )
vs.                                       )   Case No. 04-CV-792-TCK-PJC
                                          )
MARTY SIRMONS, Warden; and                )
ATTORNEY GENERAL OF THE                   )
STATE OF OKLAHOMA,                        )
                                          )
        Respondents.                      )

## **OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2002-2830. Respondent Sirmons filed a response (Dkt. # 6) to the petition, and has provided the state court records (Dkt. #s 6 and 7) for the Court's consideration in resolving Petitioner's claim. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds the petition for a writ of habeas corpus shall be denied.

As a preliminary matter, the Court notes that in response to the petition, see Dkt. # 6, Respondent Sirmons asserts that Attorney General of the State of Oklahoma is not a proper party. The Court agrees and finds that the Attorney General shall be dismissed as a party Respondent.

### *BACKGROUND*

On May 31, 2002, police officers for the City of Tulsa executed a search warrant at 1719 E. 27th St. North. The metal or wooden security door of the house was open, but the glass storm door was closed. As they made entry into the house, both of the two lead police officers were able to observe the interior of the house through the glass door. They both saw numerous people inside the

house, including a male, later identified as Petitioner Daryl Tolon, standing in the doorway of one of the bedrooms. The police officers ordered the occupants to exit the house through the front door. Instead of exiting the house, Petitioner entered the bedroom. The officers again gave a verbal command to exit through the front door. After the second command to exit, Petitioner walked out of the bedroom and exited the house where he was placed in investigative detention. The police officers searched the house. In the bedroom where Petitioner had been, they found a plastic baggie containing tan colored rocks. The material in the baggie weighed 7.02 grams and later tested positive for crack cocaine. No tax stamp was affixed to the baggie. In the living room of the house, police officers found a City of Tulsa traffic citation and an envelope both bearing the name "Daryl Tolon" and the address "1719 E. 27th St. North." After the police found the baggie, Petitioner was arrested and transported to Uniform Division North, Tulsa Police Department.

As a result of those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2002-2830, with Trafficking in Illegal Drugs (Count 1), and Possession of Illegal Drugs Without a Tax Stamp (Count 2). At the conclusion of his jury trial, Petitioner was found guilty as charged. On January 31, 2003, the trial court sentenced Petitioner in accordance with the jury's recommendation to twelve (12) years imprisonment on Count 1, and one (1) year imprisonment on Count 2, with the sentences ordered to run concurrently. Petitioner was represented during trial proceedings by attorney Robert Ridenour.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney Stuart Southerland. He identified one (1) proposition of error as follows:

> Proposition 1: There was insufficient evidence that Appellant was in possession of a controlled substance. His convictions for Trafficking and Failure to Obtain

>           a Drug Tax Stamp must be reversed.

(Dkt. # 6, Ex. A). In an unpublished summary opinion, filed March 15, 2004, in Case No. F-2003-123, the OCCA denied Petitioner's claim and affirmed the Judgment and Sentence of the trial court. See Dkt. # 6, Ex. D. Petitioner did not seek post conviction relief in the state courts.

On October 13, 2004, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner seeks habeas corpus relief on one (1) ground, as follows:

> Ground 1: There was insufficient evidence that Petitioner was in possession of a controlled substance.

(Dkt. # 1). In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). See Dkt. # 6.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claim adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). In this case, the OCCA adjudicated Petitioner's ground for relief on direct appeal. Therefore, Petitioner's claim shall be reviewed pursuant to § 2254(d).

### *Sufficiency of the evidence (ground 1)*

As his single proposition of error, Petitioner challenges the sufficiency of the evidence supporting his convictions. Specifically, he complains that there was insufficient "circumstantial evidence" to find the required element of "possession." See Dkt. # 1 at 6. In resolving Petitioner's challenge to the sufficiency of the evidence on direct appeal, the OCCA cited Staples v. State, 528 P.2d 1131 (Okla. Crim. App. 1974), and Powell v. State, 995 P.2d 510 (Okla. Crim. App. 2000), and found that "[t]he evidence was sufficient to support the conviction." See Dkt. # 6, Ex. D at 2.

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence

4

issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003). The Court must consider all the evidence, both direct and circumstantial, together with the reasonable inferences to be drawn from it. See United States v. Hager, 969 F.2d 883, 887 (10th Cir.1992) (citing United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir. 1986)). The evidence "must be substantial; that is, it must do more than raise a mere suspicion of guilt." Beachum v. Tansy, 903 F.2d 1321, 1332 (10th Cir. 1990). Circumstantial evidence alone may be sufficient to support a conviction. See Hager, 969 F.2d at 888. The circumstantial evidence required to support a verdict need not exclude every reasonable hypothesis other than guilt. Id. (citing United States v. Alonso, 790 F.2d 1489, 1493 (10th

Cir.1986)). It "'must only reasonably support the jury's finding of guilt beyond a reasonable doubt.'" Id. (quoting United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir.1991)). A conviction may not be sustained if it resulted only "from piling inference on top of inference" from the evidence. See United States v. Horn, 946 F.2d 738, 741 (10th Cir.1991) (citing Direct Sales Co. v. United States, 319 U.S. 703, 711 (1943)). All reasonable inferences and credibility choices are made in favor of the jury's verdict. United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982). The jury in a case has the discretion to accept or reject whatever evidence it chooses. Hager, 969 F.2d at 888. The credibility of a witness and weight of his testimony are for the jury alone. Id. (citing United States v. Leach, 749 F.2d 592, 600 (10th Cir.1984)).

This Court looks to Oklahoma law for the substantive elements of trafficking in illegal drugs applicable to the sufficiency of the evidence standard. See, e.g., Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003); see also Jackson, 443 U.S. at 324 n. 16. At the time of Petitioner's offense, Oklahoma law provided the elements of Trafficking in Illegal Drugs (cocaine base), as follows: that defendant (1) knowingly, (2) possessed, (3) 5 grams or more of cocaine base. Okla. Stat. tit. 63, § 2-415(C) (2000); see also OUJI-CR 6-13.

At Petitioner's trial, the State produced evidence demonstrating that on May 31, 2002, police officers for the City of Tulsa executed a search warrant at a house located at 1719 E. 27th St. North, in Tulsa, Oklahoma. See Dkt. # 7, Tr. Trans. Vol. II at 275, 309, 325, 339, 375. During the execution of the search warrant, both of the lead police officers were able to observe the interior of the house through the glass storm door. Id. at 280, 311. They both saw numerous people inside the house, including a male, later identified as Petitioner Daryl Tolon, standing in the doorway of one of the bedrooms. Id. at 280-81, 312-13. The police officers ordered the occupants to exit the house through

the front door. Id. at 282. Instead of exiting the house, Petitioner entered the bedroom. Id. at 282, 315. The officers again gave a verbal command to exit through the front door. Id. After the second command to exit, Petitioner walked out of the bedroom and exited the house where he was placed in investigative detention. Id. at 284, 315. No one else was observed to enter or exit the bedroom. Id. at 283. The police officers searched the house. In the bedroom where Petitioner retreated after police arrived, they found a plastic baggie containing tan colored rocks. Id. at 285-86. The material in the baggie weighed 7.02 grams and later tested positive for crack cocaine. Id. at 368, 370. No tax stamp was affixed to the baggie. Id. at 289, 332, 390. In the living room of the house, police officers found a City of Tulsa traffic citation and an envelope both bearing the name "Daryl Tolon" and the address "1719 E. 27th St. North." Id. at 348-350. After the police found the baggie, Petitioner was arrested and transported to Uniform Division North, Tulsa Police Department. During the booking procedure, he told police officers he lived at 1719 E. 27th St. North. Id. at 288. A witness for the defense, Shalonda Williams, also testified that Petitioner lived at the house. Id. at 413. Police officers further testified that in the kitchen of the house, they found a plate holding a razor blade and white residue, id. at 382, 383, digital scales, id. at 384, plastic wrapping with crumbs of tannish colored powder on the floor, id. at 388, and many plastic baggies with torn corners in and around the kitchen trash can, id. at 342-344. No food was found in the kitchen. Id. at 345. Based on that evidence, the Court finds the jury properly could have found that Petitioner had the requisite knowledge and possession to support his convictions of Trafficking in Crack Cocaine and Possession of Illegal Drugs Without a Tax Stamp. The Court concludes the evidence presented at Petitioner's trial was sufficient to sustain Petitioner's convictions. Therefore, Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on a challenge to the

sufficiency of the evidence for the convictions shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Attorney General of the State of Oklahoma is not a proper party and is **dismissed** as a party Respondent.
2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate judgment shall be entered in this matter.

DATED THIS 8th day of April, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE